CASE 73—PETITION EQUITY—OCTOBER 1.

# The Commonwealth, for the use of Hooper, &c., vs. Henshaw, &c.

### APPEAL FROM UNION CIRCUIT COURT.

A suit in equity in the circuit court against the first and superseded guardian of the infant relators, to compel him to settle his fiducial accounts, and pay to the present guardian the amount found to be in his hands, is an appropriate remedy. *A reference of the accounts of such guardian to a commissioner, by the county court, for settlement and report, will not bar a proceeding against him and his sureties in the circuit court.*

JOHN S. GEIGER and HARVEY YEAMAN,          For Appellants,
CITED—

*Civil Code,* secs. 520, 521.

1 *Metcalfe,* 117; *Overby's ex'r vs. Overby's devisees.*

1 *Duvall,* 396; *Haydon and wife vs. Stone and wife.*

1 *Duvall,* 117; *Lasley's ex'rs vs. Lasley.*

3 *Metcalfe,* 548; *Clay vs. Clay.*

HUGHES & LOCKETT,                              For Appellees,
CITED—

*Civil Code,* secs. 3, 120.

1 *Stant. Rev. Stat.,* chap. 43, sec. 13, *p.* 579.

1 *Bacon's Abridgement, page* 29.

4 *Dana,* 63.

16 *Barb.,* 441; *Groshen vs. Lyon.*

1 *Code Rep.* (*N. Y.*), 412; *Hunfuger vs. Hunfuger.*

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

This suit in equity against the first and superseded guardian of the infant relators, to compel him to settle

his fiducial accounts, and pay to the present guardian the amount which may be found due in his hands, is an appropriate and the only secure remedy for discovery, and for judicial certainty and final justice. The petition alleges all the requisite facts. And the allegation that an *ex parte* settlement in the county court was set aside and the case referred to a commissioner, who had never acted, does not, as the circuit court seemed to think it does, operate as a bar to this more effectual procedure. A settlement in the county court, if it could be fully coerced, might be partially unjust, for want of discovery, and would, when made, be only *prima facie* evidence in an action for the amount found due, and for which the county court could not give judgment against either principal or surety, both of whom should be held responsible, as sought in this case.

We are therefore of the opinion that the circuit court erred in sustaining the demurrer to, and thereupon dismissing, the petition.

Wherefore, that judgment is reversed, and the cause remanded for answer and further proceedings.