JUDGE ROBERTSON
delivered the opinion op the court.
In this action the circuit court adjudged against the appellant the value of a gold watch which it undertook to carry from Nashville, Tenn., to Elizabethtown, Ky., and deliver to the owner, Miss Larue, or to the care of her father, with whom she lived in the latter town. As the service was to be performed without compensation, the mandatory was not liable for the loss of the watch unless it resulted from gross negligence.
The testimony authorizes the deduction that when the package containing the watch arrived safely at the depot in Elizabethtown, not later than four o’clock of the afternoon of the 12th of June, 1863, there were rumors there of an imminent eruption of Confederate soldiers; that during the same day the appellant’s agent started promptly with *573 the package for the house of the consignee, but hearing that she and her father were absent, he returned without entering or inquiring further, and deposited the package in the locked safe of his office; that about nine o’clock next morning, the rumor still swelling, he started again for the house, but on similar information on the way he went no further, but returning redeposited the package in the safe; and that the same morning, at about ten o’clock, a Confederate band entered the unguarded town, and forthwith took and carried off the watch with all the other contents of the safe. The consignee’s mother was in their house all the time during both days, and whether a delivery of the watch to her would have exonerated the bailee we need not decide; because had the agent gone to the house the spoliation might have been avoided, either by a delivery to the mother or by her notice to her husband, who returned that evening, and on such notification would almost certainly have gone to the office and gotten the watch. As the safe was the first object of assault, and would be the first victim of the hostile incursion, any other place of deposit would have been safer than that, under all the surrounding circumstances. Had the deposit been elsewhere it may be probable that the watch would have escaped.
In this perplexing state of facts, hard as it may be to impute to the agent culpable or “gross” negligence, we are so far inclined to that conclusion as to feel at least such an equipoise as not to be able to reverse the judgment of the circuit court on any solid or satisfactory grounds.
'Wherefore the judgment is affirmed.