CASE 98—ACTION UPON A BOND—MAY 8.

## National Surety Co. v. Arterburn.

APPEAL FROM JEFFERSON CIRCUIT COURT.

LAW AND EQUITY DIVISION—JUDGMENT FOR PLAINTIFF, AND DEFENDANT APPEALS. AFFIRMED.

PRINCIPAL AND SURETY—NOTICE BY SURETY TO CREDITOR TO ISSUE EXECUTION—FAILURE TO NOTIFY SURETY OF PRINCIPAL'S BREACH OF DUTY—SURETY IN BOND OF ASSIGNEE FOR CREDITORS—CONCLUSIVENESS OF JUDGMENT AGAINST PRINCIPAL—JUDGMENT FOR AMOUNT NOT CONTROVERTED.

Held: 1. Kentucky Statutes, section 4668, requiring a creditor to issue execution upon a judgment against the principal upon notice by a surety, does not apply where one execution has already been issued.

2. The surety in the bond of an assignee for creditors can not complain that he was not notified of the principal's failure to perform

National Surety Co. v. Arterburn.

his duty, where the breach of duty consisted in failure to pay over the amount ascertained to be due in a settlement suit.

3. The payment by an assignee for creditors of the amount found to be due upon a settlement is within the obligation of his bond, conditioned for the faithful discharge of his duties as assignee.

4. A judgment against an assignee for creditors in a suit to settle his accounts is conclusive against the surety as to the amount due, though he had no notice of the proceeding.

5. A rule of court prescribing when and how actions may be set on the trial docket has no application to a motion for judgment for an amount not controverted.

6. Where a paragraph of defendant's answer to which the court had overruled a demurrer was in fact insufficient, it was not error to render judgment for plaintiff for that part of his claim attempted to be controverted thereby, as the judgment was rendered after notice, objection, and hearing, and there was no attempt to file a sufficient pleading.

BARNETTS & POSTON, FOR APPELLANT.

POINTS AND AUTHORITIES.

1. No cause of action was stated in the petition in the absence of an allegation that the assignee's bond was approved by the county court. Ky. Stats., sec. 76.

2. A suit to settle an assigned estate in the circuit court supersedes all proceedings previously had in the county court. Ky. Stats., sec. 96.

3 In the settlement of assigned estates, the court where the same is made has discretion as to costs, and the discretion having been exercised, the action of the court can be revised only by appeal. Ky. Stats., sec. 889.

4. The assignee is entitled to have the costs incurred in the settlement of an assigned estate paid therefrom, if the estate is not covered by liens. Ky. Nat. Bk. v. Louisville Trust Co., 98 Ky., 371.

5. A surety may, by notice in writing served on the plaintiff, require him to sue out execution in good faith and prosecute the same with diligence, and the failure on the part of the plaintiff so to do releases the surety. Ky. Stats., sec. 4668; Hibler v. Shipp, 78 Ky., 64.

6. A deed of assignment under Kentucky Statutes can not be set aside except when the assignor is solvent and the deed was made to hinder and delay creditors. Ky. Stats., sec. 75.

7. To obstruct a creditor in the collection of his demand by an assignment when the debtor is worth ten thousand dollars in

excess of his debts in assets subject to execution is fraudulent. German Ins. Bk. v. Nunes, 80 Ky., 334; Bk. of Commerce v. Payne, Viley & Co., 86 Ky., 474.

8. A court will not aid either party to a fraud to relieve either from the result of his wrong doing. Anderson v. Meredith, 82 Ky., 571; Gailbreath v. Arlington Ins. Co., 12 Bush, 35.

9. A court of equity will not transfer a loss from a party guilty of fraud to an innocent person. Summers v. Kilgus, 14 Bush, 449.

10. An attorney will not be permitted to represent in court opposing parties however fairly he may act towards the litigants. Ball v. Poor, 81 Ky., 26.

11. A surety on a bond of an assignee for the faithful performance of his duties should not be held liable for the wrong doings of the assignee when the obligee knew of such wrongful acts and failed to give notice to the surety. Connecticut Life Ins. Co. v. Scott, 81 Ky., 544; Graves v Lebanon Nat. Bk., 10 Bush., 23; Bellevue L. & B. Asso. v. Jeckel, 20 Ky. Law Rep., 460.

12. It is a reversible error when the trial court holds a pleading of a litigant good, and then without notice or warning to hold the pleading insufficient and render a judgment against that pleader without giving him an opportunity to amend. Ashebrook v. Roberts, 82 Ky., 298; Moore v. Harrod, 19 Ky. Law Rep., 406.

13. It is a clerical misprision to render judgment before an action stands for trial. Civil Code, sec. 517.

14. A misprision is no ground for appeal until the same is acted upon in the trial court. Sec. 516, Code; Weber v. Weber, 1 Met., 18.

15. In the Jefferson Circuit Court an equitable action does not stand for trial until thirty days have elapsed after the issues are made up. Rule 3 of Jefferson Circuit Court.

D. M. RODMAN, FOR APPELLEE.

#### POINTS AND AUTHORITIES.

A judgment against a principal in a voluntary settlement, made by the principal, is conclusively binding upon the surety. Jones v. Gallatin Co., 78 Ky. Rep., 491; Cotton's Guardian v. Wolff, 14 Bush, 238; Stevens v. Shafer, 10 Cent. Law Jour., 332.

Principal and surety. Section 4668 does not apply to a case where execution has already been issued, the liability of the parties fixed and after suit brought thereon.

OPINION OF THE COURT BY JUDGE DURELLE—AFFIRMING.

Appellee executed a deed of assignment for the benefit of his creditors to one Craig, who executed bond with ap-

National Surety Co. v. Arterburn.

pellant surety company as his surety. After rule and attachment had been issued against Craig in the county court to compel a settlement of his accounts, he brought suit in the chancery division of the circuit court for a settlement, and upon final hearing it was adjudged that he had in his hands as assignee, $750, for which he had not accounted, and judgment for that sum was accordingly rendered in favor of Arterburn. After execution and a return of *nulla bona* upon his judgment, Arterburn brought suit upon the bond against the surety company, seeking also to recover $238, the costs of the settlement suit, including attorney's fees, but a judgment for which was refused in the settlement suit. A demurrer to that part of the petition setting up the claim for costs was overruled, as well as a motion to strike out parts of the petition, and the company answered, traversing the material averments of the petition, pleading *res judicata* as to the claim for costs, and that they were properly chargeable against the assigned estate. In a fourth paragraph the company pleaded that a notice had been served upon Arterburn after the bringing of the suit against the company to issue execution upon his judgment against Craig, and that the company was discharged from liability by his failure to sue out execution. In the fifth paragraph the company pleaded that at the date of the assignment Arterburn was solvent, and that the deed was made by him to hinder and delay his creditors; that Arterburn's attorney was one of the attorneys of Craig in the settlement suit, and received a part of the amount allowed as attorney's fees, with Arterburn's consent; that Arterburn's personal attorney advised Craig in the management of the estate, and represented to him that his commissions would be larger than were allowed by the court, and that if Craig failed to

perform any duty imposed on him, Arterburn was aware of it, and failed to notify the company thereof; that, by reason of the purpose of the assignment, Arterburn was guilty of a fraud on his creditors, but for which Craig could not have become indebted to him; and that Arterburn was thereby estopped to prosecute the action. A reply was filed, and judgment rendered for the $750 upon a motion for a judgment for the amount not controverted. Various objections are urged to the correctness of this judgment.

The petition as to the $750 seems to us sufficient, especially in view of the fact that no demurrer was filed to that part of the petition; and, if not technically sufficient, we think it was cured by the answer.

The notice pleaded in the answer was given under section 4668, Kentucky Statutes. It is not necessary to consider what would be the effect of such a notice if not complied with, in a case to which the section was intended to apply, as we are of opinion that it does not apply to a case in which suit has been brought, or in which execution has been issued, against the principal. The defense of failure to notify appellant company of a failure on the part of the principal to perform his duty can not apply to a case like this, where the breach of duty consisted, as appears from the petition, in failure to pay over the amount ascertained to be due in the settlement suit.

The judgment complained of was rendered upon a motion for judgment for the amount not controverted, after notice, objection, and hearing. This motion raised the question of the sufficiency of paragraph 5 of the answer. It is obvious that, if the judgment obtained in the settlement suit against the principal is conclusive upon the surety, the trial court ruled correctly upon this question.

It would seem that the obligation assumed by the surety

National Surety Co. v. Arterburn.

upon the bond of an assignee for the benefit of creditors
is strictly analogous to that assumed by a surety of a per-
sonal representative.   The duties imposed by the law up-
on these two classes of fiduciaries are almost exactly sim-
ilar. Each administers the estate committed to his charge
pays the debts, and pays over to those entitled the surplus
found to be due upon his settlement.   That the surety of
a personal representative undertakes that his principal
shall pay over the amount so found to be due upon set-
tlements has been uniformly recognized.   And though by
statute the express provisions to that effect which were
anciently inserted in the bond are now no longer required,
but in lieu thereof the simple statutory form is substi-
tuted,—that the representative "will faithfully discharge
all the duties of his trust,"—it can hardly be doubted that
the payment of whatever is, upon settlement of his ac-
counts, found to be due, is still regarded as one of the
duties of the trust, and within the obligations of the bond.
And so the statutory bond provided for an assignee for
the benefit of creditors, whose duties are almost exactly
similar to those of a personal representative, is pre-
scribed to be in the same simple form,—"conditioned for
the faithful discharge of his duties as assignee,"—and
should receive a similar construction.   The doctrine as to
the bonds of personal representatives is thus stated in
Brandt, Sur., section 532:  "A settlement made by an ex-
ecutor or administrator with, or judgment rendered
against him in his official capacity by the court in which
his accounts must be settled, is generally held to be con
clusive evidence against his sureties of the facts thus es-
tablished, although the sureties were not parties to, and
had no express notice of, the proceedings.  The reason
for this rule is well illustrated by the following extracts

from opinions in cases where it has been held: 'As a general rule, sureties upon official bonds are not concluded by a decree or judgment against their principal, unless they have had their day in court, or an opportunity to be heard in their defense; but administration bonds seems to form an exception to this general rule, and the sureties thereon, in respect to their liability for the default of the principal, seem to be classed with such sureties as covenant that their principal shall do a particular act. To this class belong sureties upon bail and appeal bonds, whose liability is fixed by the judgment against their principal.' It has also been said that such 'sureties are in many respects like the sureties of a bail bond, and are equally bound by the proceedings against the principal. The duty they have assumed is that their principal will pay on demand all debts ascertained by judgment of a court of law against him in his capacity of administrator, if the estate be solvent. His failure to make payment is a breach of the administration bond.' Again, it has been said: 'The law has placed the sureties of executors and administrators on a different footing from other sureties and co-obligors in general. They are not liable on the administration bond until a *devastavit* is judicially established, and, as the question of *devastavit* is all that is controverted in the suit against the executor or administrator, the decision is conclusive, not only against the executor or administrator, but against the sureties also.' " This doctrine is expressly recognized in the opinion by Judge Robertson in Hobbs v. Middleton, 1 J. J. Marsh., 179, in which it was said: "The responsibility of securities being incidental and collateral to that of the principal, a judgment in favor of a creditor against the administrator concludes the securities as to the existence and character of the

debt thus ascertained, and can not be questioned or re-
viewed in a suit on the official bond. As the judgment
was against Hobbs as administrator, the securities, there-
fore, could not deny that he owed it as administrator."
In that case it was held that, by a statutory indulgence,
both principal and sureties were entitled to plead no as-
sets, or *plene administravit;* but the general doctrine is
amply recognized in the opinion, and we are cited to no au-
thority to the contrary. It follows, therefore, that the
trial court ruled correctly upon the motion, unless such ac-
tion was precluded by the fact that thirty days had not
elapsed since the making up of the issues of fact in the
case, under section 1 of rule 3 of the rules adopted by the
Jefferson Circuit Court. We do not understand that the
rule in question, which is a provision prescribing when and
how actions may be set on the trial docket, can have any
application to a motion for judgment for an amount not
controverted.

But complaint is made that the appellant was misled
to its prejudice by the court's action in overruling a de-
murrer to the various affirmative paragraphs of the an-
swer, and that it was error to give judgment against it
after having held its answer presented a valid defense,
without giving warning that the court would hold its an-
swer did not present a defense, so as to give an opportun-
ity to amend. In Moore v. Harrod (19 Ky. L. R., 406) (40 S.
W., 675,) there had been two efforts to rectify an omission
from the petition, but the court nevertheless decided the
case against the plaintiff because of the omission. And in
Ashbrook v. Roberts, 82 Ky., 298, the court permitted a
pleading to be filed against objection, but disregarded it
because it was not signed, and rendered judgment against
the pleader. It was there said: "If the order filing the

amended answer had been proper, then the action did not stand for trial at that term; and, as it was improperly made, the court should have set it aside, or in some way notified the appellee that the pleading was insufficient, and given him an opportunity to amend it." In that case the judgment was given in spite of a pleading which presumably set up a valid defense, because of the technical objection that it was unsigned, without any opportunity being given to correct the error. It seems to us that there is a material difference between that case and the case at bar, where by a motion which, under section 380 of the Code, may be made at any time, the sufficiency of the pleading was directly called in question, and the attention of the adverse party directed to that question. Had there been any attempt to file a sufficient pleading, a different question would be presented; but not only was no amendment tendered with the motion for a new trial, but no suggestion is made in argument that one could be made which would meet the objection on which the trial court decided the question. For the reasons given, the judgment is affirmed.