## United States Fidelity & Guaranty Co. v. Joseph W. Russell & Co.

(Decided January 17, 1911.)

### Appeal from Shelby Circuit Court.

Executors and Administrators—Sureties of Executor—Liability for Rent—Land Passes to Heirs.—The personal estate of a deceased person passes to his personal representative. The land and all that passes with land, passes at his death to his heirs, or if he disposes of it by will. to his devisee. Unless the land is .

devised to the executor he has nothing to do with it. His sureties are not liable for the rents of land.

E. B. BEARD for appellant.

BECKHAM & SON and GILBERT & GILBERT for appellee.

Opinion of the Court by Chief Justice Hobson— Reversing.

Mary R. Livering died on August 16, 1905, without children, leaving her husband, C. J. Livering, and her brothers and sisters or their descendants surviving her. After her death a paper was probated as her will in the Shelby county court, by which she devised all her property, real and personal, to her husband absolutely and appointed him executor without bond. The husband qualified as executor with the National Surety Company of New York as his surety. Afterwards her brothers and sisters and their descendants took an appeal to the Shelby circuit court from the order probating the paper as her will, and on the trial of the matter in the circuit court, a judgment was rendered that the paper was not her will. C. J. Livering, as executor, appealed from this judgment, executing a supersedeas bond with the United States Fidelity and Guaranty Company of Maryland as his surety. A supersedeas was issued and on the hearing of the case in this court, the judgment of the Shelby circuit court was affirmed. After that affirmance, the wife's relatives, who were the appellees in that case, brought a suit in the Shelby circuit court against C. J. Livering, and C. J. Livering as executor, making the National Surety Company of New York and the Fidelity and Guaranty Company of Maryland defendants to the action. On its motion the latter company was stricken out as a defendant, and the case proceeding to judgment it was determined that C. J. Livering, as executor, had in his hands $2,584.98 of the assets of the estate held by him as such, and for this sum judgment was given against him and his surety in his bond as executor. It was also determined that C. J. Livering individually, and not as executor had in his hands $2,250.60 of the assets of the estate which he had received as devisee, and for which he was not responsible as executor. For this amount judgment was given against C. J. Livering personally. Thereafter the plaintiffs in that suit brought this action against the United States Fidelity and Guaranty Company of Maryland as the surety on the appeal

bond to recover of it the $2,250.60 which had been adjudged against C. J. Livering individually in the former action. The company defended, and on final hearing a judgment was entered against it for the amount sued for. It appeals.

The money sued for came into Livering's hands in this way. His wife owned a tract of land. At her death certain crops were growing on the land, which were afterwards severed from the land and sold. It was held in the former suit that these crops were emblements which passed to the devisee and not to the personal representative. After the crops were taken off the land, Livering rented out the land and collected the rent for two years. The rent of the land and the value of the crops referred to, constitute the fund here in controversy.

The personal estate of a decedent passes to his personal representative. The land and all that passes with the land passes at his death to his heirs, or if he disposes of it by will to his devisee. Unless the land is devised to the executor he has nothing to do with it. His sureties are not liable for rents of land. (Slaughter v. Forman, 2 Mon., 96; Chambers v. Davis, 7 B. M., 534; Heeter v. Jewell, 6 Bush, 572; Wilson v. Unselt, 12 Bush, 215; Shire v. Johnson, 18 R., 853.) In Crow v. Crow, 14 B. M., 383, land was not involved.

In the former action between the plaintiffs in this case and Livering, the question was raised and decided as to what money was in Livering's hands as executor, and as devisee. It was there decided that the $2,250.60 now in controversy was not in his hands as executor but was held by him as devisee. By that judgment he was discharged as executor, and if thereafter his surety as executor had paid the money, it would have been a voluntary payment of it for which it could not have maintained an action against him as for money paid as his surety. In Hobbs v. Middleton, 1 J. J. M., 176, it was held that a judgment against a personal representative ascertaining the amount in his hands is conclusive upon the surety, although not a party to the action. The same rule was followed in McCalla v. Patterson, 18 B. Mon., 201; Hindman v. Lewman, 23 R., 179. It having been determined that C. J. Livering as executor did not receive or hold the money now sued for, and that judgment being conclusive upon the parties, it follows that this action cannot be maintained against the executor's surety in the appeal bond to recover the money. He executed the appeal bond only as executor. The surety undertook

that the executor would satisfy and perform the judgment rendered on the appeal. It is insisted that the bond provides that the surety will pay all rents, hire or damage which during the pendency of the appeal may accrue on any part of the property of which the appellant is kept out of possession by reason of the appeal. But by reason of the appeal of the executor, the appellees were only kept out of possession of the property in the hands of the executor. The supersedeas had no effect upon the property in the hands of the devisee. The land was not in the hands of the executor. The surety in the appeal bond was only bound for the liability of the executor. There was nothing in the bond imposing upon it the liability of the devisee. The fact that C. J. Livering was the sole devisee does not make the case different from what it would have been if there had been six devisees, or if one person had been executor and another devisee. The fact is only the executor appealed, only the executor executed a supersedeas bond, and the surety in this bond is only liable for the default of the executor.

Judgment reversed and cause remanded with directions to the circuit court to dismiss the petition.