## United States Fidelity & Guaranty Company v. Levering's Administrator, et al.

(Decided November 25, 1913).

### Appeal from Shelby Circuit Court.

Executors and Administrators—Contracts.—An executor cannot bind the estate of his testator by his promise as such executor to indemnify a surety on his supersedeas bond on an appeal from a judgment rejecting as the last will and testament of the decedent; the instrument under which said executor claims his powers.

E. B. BEARD for appellant.

WILLIS, TODD & BOND for appellee, National Surety Company.

RALPH GILBERT and J. C. BECKHAM & SON for appellee, Administrator.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

Appellant sued appellees, the administrator of the estate of Mary R. Levering, her heirs-at-law, and the National Surety Company, in the Shelby Circuit Court. The petition and amended petition in substance state that on August 16, 1905, Mary R. Levering died a resident of Shelby County; that on September 22, 1905, a paper purporting to be her last will and testament was presented to, and was by, the Shelby County Court probated and admitted to record, as the last will and testament of said decedent, whose husband, Chas. J. Levering was made sole devisee therein, and named as sole executor thereof. Said Levering thereupon qualified as executor of said will, and gave bond as such executor, with the defendant, National Surety Company, as surety.

Thereafter, defendants, Joseph W. Russell and Octavia Harris, brother and sister and next of kin to said decedent, all of whom are appellees herein, prosecuted an appeal to the Shelby Circuit Court from the judgment of the Shelby County Court probating said will, and at the October term, 1905, of said circuit court a judgment was entered therein rejecting said paper as the last will and testament of said decedent. The executor prosecuted an appeal from that judgment to this court, superseding the said judgment by executing before the clerk of the Shelby Circuit Court a supersedeas bond, signed by himself as executor, as principal, and by appellant, United States Fidelity & Guaranty Company, as surety.

On March 15, 1907, this court affirmed the judgment of the Shelby Circuit Court (100 S. W., 840, 30 R., 1185), rejecting said paper as the last will and testament of said Mary R. Levering, deceased.

Thereafter, certain tenants on the farm of Mary R. Levering, deceased, instituted an action in the Shelby Circuit Court, against said Chas. J. Levering, the National Surety Company (surety on his bond as executor) and against this plaintiff (surety in the supersedeas bond above mentioned) to recover rents, profits, etc., received by the said Chas. J. Levering from the real estate he held as devisee, during the pendency of the said proceedings.

Said J. W. Russell and Octavia Harris also instituted an action in said court against the same defendants, i. e., against Chas. J. Levering, against the National Surety Company, as surety on his bond as executor, and against plaintiff as surety on the supersedeas bond above mentioned, seeking recovery of the personal property which went into the hands of said Levering as such executor.

The petition further recites that the plaintiff was compelled to and did employ counsel to defend said actions, both of which were dismissed as to plaintiff; and that it paid its attorneys in said cases, $200, which it alleges was a reasonable fee.

Thereafter, said Joseph W. Russell and Octavia Harris instituted an action in the Shelby Circuit Court against plaintiff, in which, by reason of appellant signing the supersedeas bond aforesaid, they sought to recover of it $2,250.60 for rents, etc., converted by said Chas. J. Levering, which action plaintiff was compelled to and did defend. Upon a trial thereof, a judgment was rendered against plaintiff for $2,250.60, interest and costs; and plaintiff was compelled to appeal the same to the Court of Appeals, which court reversed the judgment, and remanded the case with instructions to dismiss the petition. (141 Ky., 601, 133 S. W., 572.) Plaintiff further alleges that it paid its attorney in that action $445, which it alleges was a reasonable fee.

It further charges that it was compelled to and did pay the sum of $25 premium on the supersedeas bond which it executed upon the appeal from the aforesaid judgment; and that the payment by it of all the sums above mentioned was made necessary in order to protect

itself from liability arising from the execution by it as surety, in the supersedeas bond aforesaid.

Plaintiff then set out the appointment of defendant, Joseph W. Russell, as administrator of the estate of Mary R. Levering, deceased; his qualifying as such administrator, the execution of bond and his taking of the oath as such administrator; and further charged that a large sum of money had come into his hands, and that he had made a settlement of his accounts as such administrator and distributed the estate of said decedent; and had paid to himself and his sister, Octavia Harris, as heirs-at-law of said decedent, the sum of $1,488.26 each. Plaintiff also charged that a large tract of land in Shelby County descended to the defendants, Joseph W. Russell and Octavia Harris, as heirs-at-law of said Mary R. Levering, deceased, and that the husband, Chas. J. Levering, was entitled to no part of said real estate because of the execution and delivery of antenuptial contracts to that effect. Plaintiff then set out the proving of its claim against the estate of said decedent for the amounts so expended by it as aforesaid; its demand upon said administrator for the payment thereof; and his refusal to make such payment, and concluded with a prayer for judgment against Joseph W. Russell, administrator of the estate of Mary R. Levering, deceased; against Joseph W. Russell, individually; against Octavia and Claud Harris; and against the National Surety Company as surety upon the executor's bond of said Chas. J. Levering, as aforesaid; for the said sums of money expended by it as set out in the petition.

The lower court sustained a demurrer to the petition and amended petition, and the plaintiff declining to plead further, a judgment was entered dismissing the petition. From that judgment this appeal is prosecuted.

The liability of appellees is claimed by reason of the following language contained in the application which was made by Chas. J. Levering to appellant, to obtain the execution by appellant, as surety, of the supersedeas bond heretofore mentioned:

"In consideration of the United States Fidelity & Guaranty Company consenting and agreeing to execute or guarantee the bond herein applied for, I do hereby covenant, promise and agree to * * * indemnify, and keep indemnified, the said company from and against any and all loss, charges, suits, damages, counsel fees,

and expenses of whatever kind or nature, which said company shall or may, for any cause, at any time, sustain, or be put to, for or by reason of, or in consequence of said company having entered into or executed said bond."

This application was signed "Chas. J. Levering, Exr. of Mary Levering."

The question is whether an executor may bind an estate by reason of his execution, as such executor, of a contract of this kind, to obtain sureties on a supersedeas bond to stay proceedings on a judgment rejecting the alleged will under which he claims his powers, thus enabling him to retain possession of the property, part of which he held as executor, and the remainder as devisee under the will.

It will be seen that the claim sued on is not for expenditures incurred in the protection of the estate. Nor was the estate benefitted thereby. The plaintiff in those actions, conceiving that they had a cause of action against appellant herein, on said supersedeas bond, instituted said actions against it; the same resulting in a determination of non-liability on the part of appellant. In defending those actions, appellant was not protecting said estate, nor the interest of any one interested therein; but, on the contrary, those interested in the estate were the plaintiffs prosecuting said actions, and appellant was protecting itself against the interest of the estate.

It is true that Chas. J. Levering signed the supersedeas bond as executor of said estate, but it does not follow that he could bind the estate, or the surety on his bond as executor by so doing, nor by the execution of the contract sued on; especially where the estate has not been benefitted thereby.

It is the policy of the law to protect estates; but the execution of this contract was prejudicial thereto, rather than beneficial.

The general rule of the law is that the contracts of an executor or administrator, although made in the interest and for the benefit of the estate, are, if made upon a new and independent consideration moving between the promisee and the said representative as promisor, the personal contracts of the executor or administrator, and do not bind the estate. Hence the representative of the estate cannot enlarge the liability of the estate in his hands by a contract which he had no right to make, es-

pecially so where the contract is prejudicial to the estate as in this case.  See 18 Cyc., 247.

There is nothing in this case to take it out of this general rule.  This contract was not binding on the estate; and the lower court, having so adjudged, the judgment is affirmed.

Whole court sitting.