### Cox, Guardian, et al. v. Burrus.

(Decided March 2, 1923.)

### Appeal from Madison Circuit Court.

Guardian and Ward—Guardian's Contract to Sell Ward's Property at Specified Price if Decree for Sale is Secured is Invalid.—A contract whereby a guardian agreed to sell land belonging to

herself and ward to the other party in the event that a decree for the sale of the lands could be secured and by which the other party agreed to bid a specified price at such sale, was invalid as a contract binding the guardian to sell at the specified price, so that she cannot recover damages because the other party failed to bid at the sale the sum he agreed to bid.

G. MURRAY SMITH and FOSTER V. COX for appellants.

C. C. WALLACE for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

Josephine D. Cox entered into a contract with E. H. Burrus, by which she agreed to sell to him some real estate jointly owned by herself and her infant children. The contract was to be effective upon the granting of a decree for the sale of the real estate by the Madison circuit court, Burrus agreeing in that event to bid $6,000.00 for the property. The decree was granted and the property sold at public outcry, but Burrus did not bid on it. This suit was instituted by Josephine D. Cox in her own name and as guardian for her children to recover the difference between the price for which the property was sold and the amount that Burrus agreed to bid. The lower court sustained a demurrer to the petition, and the plaintiffs are appealing.

In the suit for the sale of this property Mrs. Cox included other real estate owned jointly by herself and her children, the basis of the action being that none of the property could be divided without materially impairing its value. It was not, however, shown in that suit that an offer of $6,000.00 for the property that she claims to have sold Burrus had been received, nor does it appear that a minimum price of $6,000.00 for that property was fixed in the order of sale. The contract sued on purports to be an absolute sale, although it recognizes the necessity of obtaining a decree of court. Mrs. Cox bound herself to obtain the decree; and while she did not agree that the property would not bring more than $6.000.00 at the decretal sale, she nevertheless obligated herself to sell it to Burrus at that price in the event an order of sale was obtained. The question then is, can a guardian make a valid contract for the sale of his ward's real estate for a stipulated amount, upon the condition that he will obtain a decree of court for the sale of the property?

It is the general rule that a guardian cannot make a valid contract to sell his ward's lands unless he has testamentary authority so to do. 21 Cyc. 82-83; 12 R. C. L. 1126. And it is the rule in this jurisdiction that a court of equity has no power to confirm a private sale of an infant's real estate made by an unauthorized person. Kinslow, etc. v. Grove, 98 Ky. 266; Vickers v. Vickers, Trustee, 189 Ky. 323. It has also been held that the land of an infant can be sold only at public outcry to the highest and best bidder on such terms as the chancellor may direct, and that a contract for the sale of an infant's land which contemplates that the purchaser shall become the accepted bidder at a public sale is void. Clark, etc. v. Stanhope, 109 Ky. 521.

In the last mentioned case it was said: "A guardian has no authority to sell his ward's land. The land of an infant can only be sold in certain states of case, pointed out in the statute, and must then be sold at public outcry, to the highest and best bidder, on such terms as the chancellor may direct; and in cases of this character the share of the infant remains a lien on the land until his majority, or until the guardian executes an additional bond, to be approved by the chancellor. The clear intent of all this is to protect the infant as to his real estate, and, in all cases where a sale is had, to guard against his interests being sacrificed by his guardian or others. Any contract which tends to smother bidding at the sale of an infant's real estate is clearly contrary to the policy of the statute, and will not be enforced."

It is suggested, however, that the Stanhope case is inapplicable because in that case the land sold for more than the contract price, whereas in this case it sold for less than the contract price. We do not regard that difference as material. The principle announced in that case is controlling here. It is that an infant's real estate can only be sold in the manner provided by statute, and the character of the bargain is not a question to be considered. It follows that the contract relied on is unenforcible, and that being true an action for its breach cannot be maintained.

The judgment is affirmed.