## Noe's Guardian v. McKinney et al.

(Decided May 28, 1929.)

W. H. W. REYNOLDS for appellant.

P. M. McROBERTS and J. B. PAXTON for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE McCANDLESS —Affirming.

On the 15th of October, 1928, Mrs. W. May McKinney, by her husband and agent, W. B. McKinney, executed a title bond by which she agreed to sell and convey to Mrs. Lena B. Shanks a certain house and lot owned by Mrs. McKinney and situated in the city of Stanford, for a cash consideration to be paid January 1, 1929, and certain deferred payments to be made thereafter. That instrument was not signed by the husband except as agent, nor was it delivered to Mrs. Shanks. In the following December Mrs. McKinney died without having completed the contract, and leaving a holographic will which reads:

"July 27, 1927. Louisville, Ky. This is my last will and testament. I leave to W. B. McKinney to be put in trust now or later, for Nancy K. Noe the Withers place, her life time. If house is sold money to be reinvested for benefit of Nancy K. Noe, and her children and to be held in trust, until children are of age. MRS. W. B. McKINNEY.

"In case Nancy K. Noe should die before W. B. McKinney, this money is to be put in trust for children and kept until they are 21 years old.

"MRS. W. B. McKINNEY."

The will was duly probated, and W. B. McKinney qualified as trustee thereunder. Thereafter as such trustee he indorsed his approval in writing upon the above-mentioned title bond and offered to carry it out according to its terms. Mrs. Lena Shanks and her husband, W. H. Shanks, indorsed their acceptance of this proposal upon the same instrument on condition that a good title could be conveyed. Thereupon the trustee executed and tendered Mrs. Shanks a warranty deed in accordance with the terms of that instrument. Not being satisfied that the trustee could convey a good title, Mrs. Shanks declined to accept the deed, and this friendly suit asking a specific performance was brought for the purpose of procuring the court's approval of the conveyance. All interested parties now in esse are made parties, it being admitted by the pleadings that the price is satisfactory and the sale desirable. The lower court approved the sale and directed specific performance. The guardian ad litem of the infant defendants appeals. As the husband did not join in the title bond, that instrument may be regarded as ineffective for any purpose. See section 2128, Ky. Statutes. The question then falls on the construction of the will.

Appellant denies and appellee insists that by the terms of that instrument the trustee is impliedly vested with power to make the conveyance. As to this it will be observed that the writer of the will was inexperienced and the language employed is somewhat obscure.

Appellant argues that testatrix anticipated selling the Witherspoon place, and that if she did so sell she desired her trustee to reinvest the proceeds and hold the property in trust for the purposes stated in the will. But that if she did not make such sale, she desired the Witherspoon place held in trust for that purpose, and she thus negatived any power of sale on the part of the trustee.

While the argument is plausible, it is not convincing. The will is presumed to speak from the death of the testatrix; and the reference to a sale of the property implies a later or post mortem sale, by the trustee. The first section provides: "I leave to W. B. McKinney, to be put in trust *now* or *later for* Nancy K. Noe the Witherspoon place for her lifetime. . . . " The legal title is thus vested in W. B. McKinney as trustee, and it is to be put in trust now or later, a purpose consistent with a sale of

the property. Her intention as to this being expressed in the succeeding words: "If the house is sold money is to be reinvested for benefit of Nancy K. Noe and her children and to be held in trust until children are of age." This language clearly indicates that testatrix had a sale of the property in mind, and as no other person was authorized to act in the premises she must have intended for the conveyance to be made by her trustee as the legal title holder. The same idea is carried into the codicil in which the trust property is referred to as "this money," and which clearly refers to the proceeds of sale of the Witherspoon property.

As the duties imposed upon and the discretion vested in the trustee by the will cannot be exercised freely without a sale of the trust property, and as the legal title thereto is vested in the trustee, a power of sale of such property is clearly implied. Kratz v. Slaughter's Ex'rs, 185 Ky. 256, 214 S. W. 878; Goldberg v. Home M. of P. Church, 197 Ky. 724, 248 S. W. 219.

Wherefore, perceiving no error, the judgment is affirmed.