## Wachs v. Security Trust Co. et al.

June 20, 1941.

Gayle A. Mohney for appellant.

Stoll, Muir, Townsend & Park and King Swope for appellees.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Affirming.

George E. Goodwin, a resident of Fayette County Kentucky, died on Nov. 5, 1940, leaving a holographic will which was duly probated by the Fayette. County

Court. The Security Trust Company is named as executor, also as trustee, and the will contains this provision:

"Should any real estate or stock be sold Trustee has privilege to sell at time of advantage & not be forced to sell at any certain time."

The record shows the personalty of his estate was appraised at $120,000 and was sufficient to pay all specific bequests and cost of administration; it also shows testator owned a farm of 197 acres which his trustee sold for $50,000. After making some specific bequests the testator directed the balance of his estate to be held in trust and that one-half of the income therefrom be paid to his widow during her life, and the remaining one-half thereof be paid to a niece and two nephews. After the death of the widow the trust estate is distributed.

The widow renounced the will on Jan. 10, 1941, under the provisions of Section 1404, Kentucky Statutes. On May —, 1941, she entered into a contract with the Security Trust Company, executor and trustee under the will, agreeing to the sale of the farm at auction on May 17th and accepting in lieu of dower its cash value in the net proceeds of the sale. Fred B. Wachs was the successful bidder for the farm at $50,000, but refused to carry out his contract of purchase, contending that the will did not empower the trustee to sell real estate. The trustee, joined by the devisees, instituted this action under the Declaratory Judgment Act (Section 639a—1 et seq., Civil Code of Practice) against Wachs asking that the will be construed as empowering the trustee to sell the farm and that Wachs be specifically required to perform his contract. Wachs' answer alleged he bid on the farm in good faith and is willing to pay therefor if he can get a good title; he waived any question of creditors' liens under the provision of Section 2087, Kentucky Statutes, and asked the court to determine whether or not the trustee had authority under the will to sell the land.

The chancellor adjudged the will empowered the trustee to sell real estate and Wachs appeals in order to obtain the judgment of a court of last resort on the title to the land he is purchasing. There are three questions raised on the appeal: 1. Does the will authorize the trustee to sell real estate; 2. if so, can the trustee, who is also executor, sell the farm before the executor

settles its accounts; 3. did the widow's renunciation of the will have any effect upon the trustee's power to sell?

As an infant has an interest in the trust created by the will, the trustee has no authority to sell this farm except under a judgment of the circuit court in an action brought under the Civil Code of Practice, unless the will expressly or impliedly authorized the trustee to sell real estate. Vickers v. Vickers, 189 Ky. 323, 225 S. W. 44; Cox v. Burrus, 198 Ky. 48, 248 S. W. 239. There is much argument in the briefs as to whether or not the will by implication authorized the trustee to make this sale and several authorities are cited dealing with the question, among which are Kratz v. Slaughter's Ex'rs, 185 Ky. 256, 214 S. W. 878; Varble v. Collins' Ex'r, 168 Ky. 247, 181 S. W. 1115, Ann. Cas. 1916D, 448; Walker's Trustee v. Walker et al., 196 Ky. 346, 244 S. W. 772, 773; Noe's Guardian v. McKinney, 229 Ky. 726, 17 S. W. (2d) 1007. But we have reached the conclusion that these authorities are not applicable for the reason that the will before us expressly authorizes the trustee to sell real estate.

We must bear in mind that no set form of words is necessary to create a power of sale in a trust agreement, and no technical, direct or precise words are necessary. 65 C. J. 733, Section 598. It is also well to remember that it is extremely difficult to find two wills containing the same or similar wording, especially when the wills are holographic. Therefore, in determining whether or not a will contains an express power of sale but little help can be obtained from the opinions and each case largely stands alone.

Here testator was a layman and it is evident from the wording of his holographic will he thought his trustee possessed power to sell both personalty and realty. But he did not want either class of his property forced on the market at an inappropriate time, therefore he provided:

"Should any real estate or stock be sold Trustee has privilege to sell at time of advantage & not be forced to sell at any certain time."

It needs no argument to demonstrate that testator by these words expressly authorized his trustee to sell his real estate at a propitious time rather than to have it forced upon an uncertain market by order of court.

There is no substance in the contention that as the executor and trustee is one and the same corporation, the trustee cannot sell any of the real estate until after it has settled its accounts as executor. The real estate of a decedent descends directly to his heirs, while his personal property descends to his personal representative; hence the executor has nothing to do with real estate unless it be devised to him. United States F. & G. Co. v. Joseph W. Russell & Co., 141 Ky. 601, 133 S. W. 572; Case v. Stacey, 283 Ky. 808, 143 S. W. (2d) 497. The general rule that a trustee, who is also executor, cannot be considered to hold any of the property of the testator in his capacity as trustee unless he has settled his accounts as executor has no application to real estate, because it never comes under the dominion of the executor. Beardsley v. Hall, 291 Mass. 411, 197 N. E. 35, 99 A. L. R. 1129.

The renunciation of the will by the widow has no effect upon the power given the trustee by the will to sell real estate. By renouncing the will the widow takes against and not under it, and after her renunciation the courts endeavor to carry out the intention of the testator as expressed in the will. Ruh's Ex'rs v. Ruh, 270 Ky. 792, 110 S. W. (2d) 1097. Here the widow entered into an agreement with the trustee binding herself to convey her dower in this farm, and as the will gave the trustee the express power to convey real estate the chancellor correctly decreed that a deed properly executed by the trustee and the widow would convey Wachs a fee simple title to the farm, and that he must accept the deed and pay the contract price.

The judgment is affirmed.